IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH WAYNE HUNTER (Dallas County Jail No. 13034945), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-1817-B-BN |
| CRAIG WATKINS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Joseph Wayne Hunter, proceeding *pro se*, brings this civil rights action alleging that his vehicle was stopped without probable cause, that it was unlawfully searched, that he was improperly arrested for possession of a controlled substance, that the arresting officer had no jurisdiction, that the statute of limitations has run on the charged offense, and that he has been denied his right to a speedy trial. On May 19, 2014, Plaintiff tendered a complaint to the district clerk. *See* Dkt. No. 3. Plaintiff also filed an application to proceed *in forma pauperis. See* Dkt. No. 4. Because the information provided by Plaintiff indicates that he lacks the funds necessary to

prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 5. The Court sent written interrogatories to Plaintiff to obtain additional information about the factual basis of this suit. *See* Dkt. No. 6. Plaintiff answered the interrogatories on May 30, 2014. *See* Dkt. No. 7.

Plaintiff claims that, on August 25, 2012, his car was pulled over by an off-duty officer, only known as James M., without probable cause or jurisdiction to conduct a traffic stop. *See* Dkt. No. 3 at 4; Dkt. No. 7 at 1 & 5. According to Plaintiff, the officer then conducted an unlawful search of the vehicle and discovered a white substance that has never been proven to be cocaine. *See* Dkt. No. 3 at 4; Dkt. No.7 at 2 & 9. Plaintiff was arrested for unlawful possession of a controlled substance, arraigned, and released on bond. *See* Dkt. No. 7 at 11. He was then arrested on May 29, 2013 on other criminal charges. *See id.* at 11. Plaintiff contends that the statute of limitations has run and that he has been denied his right to a speedy trial for the cocaine offense. *Id.* at 2 & 17. Plaintiff is awaiting trial before the 265th Judicial District Court of Dallas County, Texas for possession of a controlled substance and aggravated assault. *See Texas v. Hunter*, Nos. F12-59492 & F13056295. He seeks monetary damages and to have the pending criminal charges dismissed. *See* Dkt. No. 3 at 4.

The undersigned now concludes that Plaintiff fails to state a claim against District Attorney Craig Watkins or the Dallas Police Department and that all of his claims are barred by the *Younger* abstention doctrine. All claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

**Analysis**

Claims Against District Attorney Craig Watkins

Plaintiff has failed to state a claim against District Attorney Craig Watkins. As a supervisory official, Watkins cannot be sued for civil rights violations unless he (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege any personal involvement by Watkins and has not identified an official policy or custom that resulted in the denial of his constitutional rights. *See* Dkt. No. 7 at 17. Instead, he seeks to hold Watkins responsible for his current detention, for alleged violations of his right to a speedy trial, for his untimely indictment, and for permitting his indictment despite the lack of jurisdiction of the arresting officer. *See id.* But Plaintiff does not allege that Watkins had a personal role in the constitutional violations that are alleged. *See id.* Watkins cannot be held responsible under Section 1983 for the constitutional violations of subordinates or for failing to take corrective action in response to grievances. *See Campbell v. Tyson,* No. 3:13-cv-1003-M-BN, 2013 WL

2094987, at *3 (N.D. Tex. Apr. 23, 2013) (citing *Mitchell v. Valdez,* No. 3:07-cv-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007)), *rec. adopted,* 2013 WL 2097363 (N.D. Tex. May 14, 2013).

Claims Against Dallas Police Department

To the extent that Plaintiff attempts to state a claim against the Dallas Police Department, it should be summarily dismissed. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. A city police department is not a jural entity subject to suit. *See, e.g.*, *Garcia v. Dallas Police Dep't,* 3:13-cv-1261-B-BH, 2013 WL 5433502, at *2 (N.D. Tex. July 1, 2013), *rec. adopted,* 2013 WL 5434165 (N.D. Tex. Sept. 27, 2013); *Williams v. City of Dallas Police Dep't,* No. 3:09-cv-275-P, 2009 WL 812239, at *2 (N.D. Tex. Mar. 26, 2009). The claims against the Dallas Police Department should therefore be dismissed.

Allegations Arising From Stop, Search, Arrest, Detention, and Timeliness of Trial

All of Plaintiff's substantive claims would interfere with his ongoing state criminal proceedings. Under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state proceeding except in the most extraordinary

circumstances and upon a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (citing cases); *see also Younger v. Harris,* 401 U.S. 37, 43-45 (1971). Although Plaintiff's claims are not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court may not consider Plaintiff's claims of wrongdoing in connection with his pending case until the charges are disposed of, *see Banks v. Gammon,* No. 3:08-cv-0474-K, 2008 WL 2404967, at *2 (N.D. Tex. June 9, 2008) (citing *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007)). Plaintiff has established no justification for considering the merits of his claims at this time – he or his attorney must resort to those remedies afforded by the state court to challenge the validity of his arrest and the state proceedings.

Dismissal of Charges

Although Plaintiff indicates that he wishes to have the pending charges dismissed, *see* Dkt. No. 3 at 4, his claims are properly considered under 42 U.S.C. § 1983 because he does not appear to be requesting "immediate or speedier release" from custody, *see Ellason v. Owens,* 526 F. App'x 342, 343 (5th Cir. 2013) (quoting *Wilkinson v. Dotson,* 544 U.S. 74, 82 (2005)). To the extent that Plaintiff seeks release from custody by requesting that the charges be dismissed, he must pursue this remedy in a habeas petition under 28 U.S.C. § 2241. *See Bennett v. Texas,* No. 3:13-cv-1428-K, 2013 WL 4409696 (N.D. Tex. Aug. 15, 2013); *Perkins v. Chatham,* No. 3:12-cv-3651-L-BK, 2012 WL 5465769, at *2 (N.D. Tex. Oct. 23, 2012) (citing *Wilkinson,* 544 U.S. at 78), *rec. adopted,* 2012 WL 5471731 (N.D. Tex. Nov. 9, 2012).

circumstances and upon a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (citing cases); *see also Younger v. Harris,* 401 U.S. 37, 43-45 (1971). Although Plaintiff's claims are not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court may not consider Plaintiff's claims of wrongdoing in connection with his pending case until the charges are disposed of, *see Banks v. Gammon,* No. 3:08-cv-0474-K, 2008 WL 2404967, at *2 (N.D. Tex. June 9, 2008) (citing *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007)). Plaintiff has established no justification for considering the merits of his claims at this time – he or his attorney must resort to those remedies afforded by the state court to challenge the validity of his arrest and the state proceedings.

Dismissal of Charges

Although Plaintiff indicates that he wishes to have the pending charges dismissed, *see* Dkt. No. 3 at 4, his claims are properly considered under 42 U.S.C. § 1983 because he does not appear to be requesting "immediate or speedier release" from custody, *see Ellason v. Owens,* 526 F. App'x 342, 343 (5th Cir. 2013) (quoting *Wilkinson v. Dotson,* 544 U.S. 74, 82 (2005)). To the extent that Plaintiff seeks release from custody by requesting that the charges be dismissed, he must pursue this remedy in a habeas petition under 28 U.S.C. § 2241. *See Bennett v. Texas,* No. 3:13-cv-1428-K, 2013 WL 4409696 (N.D. Tex. Aug. 15, 2013); *Perkins v. Chatham,* No. 3:12-cv-3651-L-BK, 2012 WL 5465769, at *2 (N.D. Tex. Oct. 23, 2012) (citing *Wilkinson,* 544 U.S. at 78), *rec. adopted,* 2012 WL 5471731 (N.D. Tex. Nov. 9, 2012).

## Recommendation

Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE