IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSEPH WAYNE HUNTER          §
(TDCJ No. 1981619),          §
                             §
          Plaintiff,         §
                             §
V.                           §          No. 3:14-cv-1817-B-BN
                             §
CRAIG WATKINS, ET AL.,       §
                             §
          Defendants.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action under 42 U.S.C. § 1983, filed by Plaintiff Joseph Wayne Hunter, a Texas prisoner, was reopened after Hunter filed a motion indicating that his state criminal proceedings have concluded. *See* Dkt. Nos. 13 & 14. United States District Judge Jane J. Boyle then re-referred the action to the undersigned United States magistrate judge for initial screening under 28 U.S.C. § 636(b). *See* Dkt. No. 14. The undersigned now issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss certain of Hunter's claims and then should direct that his amended complaint be served as to one defendant.

**Applicable Background**

In January 2015, the Court summarily dismissed Hunter's lawsuit, after finding that he could not state a claim against then-Dallas County District Attorney Craig Watkins (the "D.A."); that he could not sue the Dallas Police Department (as the

Department is not a jury entity); and that, under *Younger v. Harris,* 401 U.S. 37 (1971), the Court should abstain from considering his allegations arising from the stop, search, arrest, detention, and timeliness of trial, because consideration of those claims would interfere with his then-ongoing state criminal proceedings. *See Hunter v. Watkins*, No. 3:14-cv-1817-B, 2015 WL 104981 (N.D. Tex. Jan. 6, 2015).

Claiming that his state criminal proceedings have concluded, Hunter filed a motion to reopen this case in June 2016. *See* Dkt. No. 13. The amended complaint that he filed in response to the Court's notice of deficiency [Dkt. No. 16] includes claims against Mr. Watkins as the D.A., the State of Texas, and the police officer who stopped Hunter on August 25, 2012 (identified as "James M."), *see id.* at 3-4.

## Legal Standards

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or instead detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, *see* Dkt. No. 5 (order granting Hunter leave to proceed *in forma pauperis*), a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to

complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

## Analysis

### The D.A.

Hunter's renewed claims against the D.A., presenting factual allegations not different from his initial complaint, should be summarily dismissed for the reasons previously given by the Court. *See Hunter*, 2015 WL 104981, at *2 (Hunter "seeks to hold Watkins responsible for his current detention, for alleged violations of his right to a speedy trial, for his untimely indictment, and for permitting his indictment despite the lack of jurisdiction of the arresting officer. But [Hunter] does not allege that

Watkins had a personal role in the constitutional violations that are alleged. Watkins cannot be held responsible under Section 1983 for the constitutional violations of subordinates or for failing to take corrective action in response to grievances." (citations omitted)).

<u>The State of Texas</u>

As to the State of Texas, Hunter alleges that "[t]he State affirmatively participated in acts that cause[d] constitutional deprivation and unconstitutional policies that resulted in injury." Dkt. No. 16 at 3. But such a claim as against the State is barred by the Eleventh Amendment. *See Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) ("Under the Eleventh Amendment, '[a]bsent waiver, neither a State nor agencies acting under its control may "be subject to suit in federal court."'" (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (in turn quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 480 (1987)))).

<u>Officer James M.</u>

Similar to his initial complaint, Hunter now claims that, on August 25, 2012, his car was pulled over by a Dallas police officer, identified as James M., without probable cause to conduct a traffic stop. *See* Dkt. No. 16 at 4. According to Hunter, the officer then conducted an unlawful search of the vehicle and discovered a white substance the officer falsely reported to be cocaine. *See id.* Hunter was arrested for unlawful possession of a controlled substance, arraigned, and released on bond. *See id.*; Dkt. No.

7 at 11; *State v. Hunter*, No. F12-59492 (194th Jud. Dist. Ct., Dallas Cnty, Tex.). He was then arrested on May 29, 2013 on other criminal charges. *See* Dkt. No. 7 at 11; *State v. Hunter*, No. F13-56295 (265th Jud. Dist. Ct., Dallas Cnty, Tex.).

When Hunter filed this action and answered the Court's questionnaire, in May 2014, both state criminal proceedings were pending. But Hunter was convicted of the charges in No. F13-56295 and sentenced to 25 years' incarceration in August 2014. And, because of that conviction and sentence, the State requested that the charges in No. F12-59492 be dismissed in February 2015. *See* Dkt. No. 16 at 4.

As Hunter's state criminal proceedings have concluded, abstention is no longer a basis to not consider his claims against Officer James M.

And, at least for purposes of initial judicial screening under Sections 1915A and 1915(e)(2)(B), *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar Hunter's constitutional claims against Officer James M. That is because the incident underlying Hunter's claims against this defendant, which also resulted in the charges in No. F12-59492, did not end in a conviction. And, thus, *Heck*'s "favorable termination" requirement does not appear to be implicated. *Cf. Thomas v. Louisiana, Dep't of Soc. Servs.*, 406 F. App'x 890, 898 (5th Cir. 2010) (per curiam) ("Thomas has never contested the fact of her criminal conviction and has not presented any evidence that it was terminated in her favor. Furthermore, her claims for false arrest and false imprisonment against DSS would necessarily require the district court to re-evaluate the lawfulness of her arrest and criminal conviction because proof of those claims

requires proof that both were unlawful. Thus, the favorable termination rule bars her

state law false imprisonment and false arrest claims." (citation omitted)).

> *Heck* prohibits a plaintiff from using a [a civil] suit to challenge the
> validity of his conviction or sentence, unless the plaintiff demonstrates
> that the conviction or sentence has in some way been reversed or
> invalidated. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).
> Consequently, "a plaintiff's claim is *Heck*-barred despite its theoretical
> compatibility with his underlying conviction if specific factual allegations
> in the complaint are necessarily inconsistent with the validity of the
> conviction." *Id.* at 498 n.14 (alteration omitted) (quoting *McCann v.
> Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)); *see also Okoro v. Callaghan*,
> 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff]
> disclaims any intention of challenging his conviction; if he makes
> allegations that are inconsistent with the conviction's having been valid,
> *Heck* kicks in and bars his civil suit."). This is because "factual assertions
> in pleadings are ... judicial admissions conclusively binding on the party
> that made them." *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108
> (5th Cir. 1987) (alterations and citation omitted).

*Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir. 2013) (per curiam);

*see, e.g., Simpson v. Stewart*, 386 F. App'x 859, 860 (11th Cir. 2010) (per curiam)

(vacating district court's finding that "Simpson's false arrest claim was barred by *Heck*

because he failed to allege that his conviction or sentence was invalidated" where, "in

his complaint, Simpson specifically alleged that he was charged with 41 counts of

forgery as a result of his false arrest, and that all of these counts were subsequently

*nolle prossed*. As a result, Simpson's false arrest claim is not barred by *Heck*, and the

district court erred in dismissing the claim on this basis."); *but see Jackson v. Gable*,

No. C.A.0:05 2591 HFF BM, 2006 WL 1487047, at *6 (D.S.C. May 25, 2006) ("Even

where criminal charges are *nolle prossed*, and therefore no conviction was obtained,

*Heck* still bars a claim for damages unless the Plaintiff establishes that the *nolle*

*prosequi* was entered for reasons consistent with his innocence. Here, however, Plaintiff's own exhibits reflect that his South Carolina indictments were *nolle prossed* with leave to re-indict. This is not a favorable disposition of these charges under South Carolina law." (citations omitted)).

The undersigned therefore recommends that Hunter's claims for unlawful stop, search, and arrest be allowed to proceed as against Officer James M.

## Recommendation

The Court should dismiss the claims against the Dallas County District Attorney and the State of Texas. But the Court should allow the claims against Officer James M. to proceed, and, as to those claims, and pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), the Court should direct the Clerk to issue summons and the Marshal to serve process.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 5, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE