IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH WAYNE HUNTER (TDCJ No. 1981619), § § § | |
| Plaintiff, § § | |
| V. § | No. 3:14-cv-1817-B-BN |
| § | |
| OFFICER M. JAMES, § § § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 34.

Defendant Officer Maeland James has answered, *see* Dkt. No. 46, and, as instructed by the Court, *see* Dkt. No. 48, has moved for summary judgment as to his affirmative defense of qualified immunity, *see* Dkt. Nos. 53 & 54. Plaintiff Joseph Wayne Hunter now moves for default judgment on the basis that certain qualified-immunity discovery responses served by Officer James are deficient. *See* Dkt. No. 63.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court deny the motion for default judgment.

**Legal Standards and Analysis**

A party is entitled to entry of a default by the clerk of the court if the opposing

party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a). "This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011).

> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013).

Hunter is not entitled to judgment by default. No defendant is in default for failing to respond to the complaint or otherwise refusing to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973).

To the extent that Hunter seeks default judgment as a discovery sanction under Federal Rule of Civil Procedure 37, while he protests that Officer James's discovery responses are evasive or incomplete, Hunter fails to show that the two requisite criteria for imposition of that extreme sanction have been met: "'First, the penalized party's discovery violation must be willful.' Second, 'the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent

effect.'" *United States v. Real Property Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 660 (5th Cir. 2014) (quoting *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003)).

## Recommendation

The Motion for Default Judgment [Dkt. No. 63] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 6, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE